<u>United States District Court</u>
<u>District of Connecticut</u>

SCANNED at and Emailed 3/9/26 by O . 12 pages

Ricky Knox,
      Plaintiff,

Case No.

V.

Officer Eason;
Officer Philbert;
Lieutenant Parsons;
Captain Betances;
Jesus GuadarramA; &
Doctor John Doe, sued in
their individual capacity only,
       Defendants.

Jury Trial Demanded

## Complaint

### Introduction

1.) The plaintiff, Ricky Knox, A sentenced prisoner, was, By the defendants, prison intelligence officials, subject to harassment, threats, and An unnecessary strip-search that involved excessive touching, prodding, and sexually degrading or threatening comments. The plaintiff was further subject to excessive and unnecessary confinement in A RHU (restrictive housing Unit), and subject to deliberate indifference to plaintiff's health or well-being by the named defendants here. Defendant, prison intelligence staff,

raided plaintiff's cell and forced him, under threat, to strip nude and to make specific moves touching himself, while naked, as the named defendants stood close by plaintiff with threats and unreasonable demands. Defendants then forced plaintiff into RHU (restrictive housing unit) for many days, and defendant, prison mental health doctor; he deliberately disregarded the plaintiff's mental/emotional injury or trauma from being sexually assaulted and harassed. The actions of the defendants were intentional and inspired by malice. The plaintiff claims violations of his Eighth Amendment Rights under the United States Constitution, and his rights under Connecticut State Law. The plaintiff seeks monetary, injunctive, and declaratory relief from the defendants here.

## Jurisdiction

2.) Jurisdiction of this Court is invoked pursuant to §§ 1331 and 1343(3) of Title 28, and §1983 of Title 42 of the United States Code (U.S.C.). The plaintiff also asserts supplemental jurisdiction pursuant to § 1367 of Title 28 U.S.C..

## Parties

3) The plaintiff, Ricky Knox #248785, was and is, A sentenced inmate in the care and custody of the State of Connecticut, department of Corrections (DOC), at MacDougall Correctional institution (MCI) 1153 East Street South, Suffield, Connecticut 06080.

4) Defendant, Eason, was and is, A Correctional officer (c/o) with the intelligence Unit At the Connecticut DOC MacDougall Correctional institution 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

5) Defendant, Philbert, was and is, A Correctional officer (c/o) with the intelligence Unit At the Connecticut DOC, MCI 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

6) Defendant, Parsons, was and is, A Lieutenant (LT.) with the intelligence Unit At the Connecticut DOC, MCI 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

7) Defendant, Betances, was and is, A Captain and A Unit Manager, of RHU (restrictive housing Unit), At the Connecticut DOC, MacDougall Correctional institution 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

8.) Defendant, Jesus Guadarrama, was and is, the Warden of the Connecticut D.O.C., MacDougall Correctional Institution 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

9.) Defendant, Dr. John Doe, was and is, a Supervising Psychologist for the Connecticut D.O.C. MacDougall Correctional Institution 1153 East Street South, Suffield, Connecticut 06080. He is sued in his individual capacity only.

10.) The defendants, each of them, at all relevant times, were acting under color of state law, that is, under the laws, Constitution, customs, regulations, rules, directives, and usages of the State of Connecticut.

## Facts

### Excessive & Unnecessary Use of Force & Sexual Assault & Harassment

11.) On October 16, 2025 the plaintiff was escorted to the MacDougall C.I. A/P (Admitting & Processing) Room, Cell #1602A from his cell (0, Cell #1) by defendant C/O Eason.

12.) At the direction of defendants C/O Eason and Lt. Parsons (both are Facility Intelligence Unit officials), the plaintiff removed his clothing until he was completely nude.

13.) Defendants Eason and Parsons ordered the naked plaintiff to touch and to lift-up his genitals, to touch and to move his stomach, and to touch and lift his chest area.

14.) The plaintiff complied fully with said orders, and offered no resistance whatsoever.

15.) Defendants Eason and Parsons, again, gave the same set of orders to plaintiff to touch, or adjust himself in certain ways; it seemed that the named defendants were playing a game with the plaintiff, indeed, defendants Eason and Parsons smiled or laughed, outloud, several times during this degrading strip-search of plaintiff.

16.) Again, for a third time, the defendants - Eason and Parsons - ordered the plaintiff to touch, or to move himself, and his body parts, as plaintiff stood there naked and vulnerable.

17.) The plaintiff stood there, naked and extremely nervous, while both defendants C/O Eason and Lt. Parsons hovered over plaintiff, with much laughter, smiling, and their threatening remarks and demeanor; the entire atmosphere surrounding this strip-search was extreme discomfort and uneasiness.

18.) The plaintiff, at all relevant times, was extremely uncomfortable, and plaintiff felt threatened and scared for his safety and well-being; this particular situation

was extra stressful or disturbing to the plaintiff based upon plaintiff's childhood history of sexual abuse or molestation.

19.) In total, defendants Eason and Parsons gave the plaintiff these same orders to touch or to move his body parts at least seven (7) times before quiting and allowing plaintiff to put his clothing back on.

20.) The purpose of this prolonged strip-search was not to find or discover contraband; rather, this was a strip-search meant to embarrass or to humiliate plaintiff.

21.) Indeed, at the hands of defendants Eason and Parsons, the plaintiff was extremely embarrassed and humiliated.

22.) Although strip-searches of this type are normally recorded on a camera, defendants C/O Eason and Lt. Parsons arranged for this strip-search to be out-of-view of any cameras; defendants did not want their perverted actions here to be documented.

23.) In fear, plaintiff, several times throughout the strip-search, requested that a camera be summoned to the scene to record/document the incident as is required per D.O.C. Administrative directive 6.5 (use of force), sect. 5(B).

24.) Directly, due to this perverted, malicious strip-search by defendants C/O Eason and Lt. Parsons, the plaintiff has suffered severe injury and trauma, to include anxiety, depression, fear, embarrassment, and severe humiliation; the plaintiff's mental or emotional injuries are quite serious.

25.) After this degrading strip-search, plaintiff was brought to RHU (restrictive housing unit) for several days.

## Sexual Harassment

26.) While touring RHU, defendant Philbert made several inappropriate, sexually degrading or harassing comments to plaintiff; defendant Philbert tormented the plaintiff even after plaintiff had suffered through a perverted, inappropriate strip-search at the hands of both defendants Eason and Parsons.

## Unnecessary & Prolonged Confinement to the Segregation Unit (Protect Act Violations)

27.) The plaintiff, after being subject to this sexually degrading strip-search, was placed into the facility RHU (restrictive housing unit) for a period of __11__ days, from

28.) The confinement of the plaintiff here was not a last-resort act; this was not a matter of "exceptional or unique circumstances"; and this prolonged confinement was, quite simply, unnecessary under the circumstances.

29) Defendant Batences - the Captain and Unit Manager of RHU, was on full notice of plaintiff's prolonged stay in the RHU; indeed, defendant Batences spoke to plaintiff, more than once, during daily RHU tours, and plaintiff explained his situation to defendant Batences, but he chose, intentionally, to keep the plaintiff locked in isolated confinement for an unnecessary and excessive number of days.

30) Defendant Warden Guadarrama, too, was fully aware of the plaintiff's unnecessary, prolonged confinement in the RHU; defendant Guadarrama disregarded, deliberately, the fact that plaintiff's situation was not an situation of extraordinary circumstances, and plaintiff's RHU confinement was not a "Last Resort" act.

31) This unnecessary and prolonged confinement of the plaintiff, as the orders or directions of the defendants, caused plaintiff extreme injury and stripped plaintiff of his dignity as a human being; plaintiff suffered tremendously during his prolonged confinement in RHU.

## Deliberate Indifference to Plaintiff's Mental Health & Well-Being

32) As stated herein in paragraphs 18 & 20, plaintiff was severally injured or traumatized after being sexually harassed by defendants and subject to perversed acts of harassment during a strip-search.

33.) The plaintiff, seeking treatment for his mental or emotional distress, wrote or verbally requested mental health care from the defendant, Doctor John Doe, the prison facility supervising psychologist, or his subordinate mental health staff.

34.) Although one (1) of his inmate request forms was responded to, the reply was insufficient and did not actually work to "treat" the plaintiff; indeed, plaintiff did not need a written reply, plaintiff was in need of actual mental health treatment/care. See Exhibit-A (10-23-25 Request by the plaintiff to defendant Dr. John Doe).

35.) Defendant, Doctor John Doe, was on full notice of the plaintiff's need for adequate mental health treatment, but he chose - intentionally - to disregard plaintiff's well-being and to leave the plaintiff untreated.

## Claims For Relief

36.) The actions of defendants Eason and Parsons in sexually abusing, harassing, or assaulting the plaintiff during a strip-search, constitutes an act of cruel & unusual punishment in violation of the Eighth (8th) Amendment to the United States Constitution, and violates P.R.E.A (prison rape elimination act);

37.) The actions of defendant Philbert in verbally and sexually harassing plaintiff, constitute cruel and unusual punishment, and violates PREA, under the Eighth Amendment to the United States Constitution.

38.) The Actions of defendants Besancer and Warden Guadarrama in unnecessarily confining the plaintiff in RHU, constitutes cruel & unusual punishment in violation of the Eighth Amendment to the U.S. Constitution, and violates the Governors (Ned Lamont) Executive Order No. 21-1 of 6/30/2021.

39.) The Actions of defendant, Doctor John Doe, - who will be identified as it (at a later stage of this case - in deliberately disregarding plaintiff's serious mental health conditions constitutes cruel & unusual punishment in violation of the Eighth (8th) Amendment to the U.S. Constitution.

40.) The Actions of all of the named defendants, as herein described, violate the Constitution of the State of Connecticut and constitute a tort claim.

## Request For Relief

The plaintiff requests the following relief:

1. Compensatory damages;

2. Punitive damages;

3. declaratory relief;

4. Costs & expenses; and,

5. Any such other relief as this Court may deem just and proper.

Respectfully Submitted

R Knox
_____

Ricky Knox #248785
MACDOUGALL Corr. Inst.
1153 East Street South
Suffield, Connecticut
06080

41.) PLAINTIFF HAS EXHAUSTED ALL REMEDIES.

## Verification Under Penalty For Perjury

This is to verify, According to 28 U.S.C. §1746, that All of the foregoing is true & Correct to the Best of My Knowledge & Belief & I swear to this under penalty For perjury.

Executed At: __Suffield, CT__

ON: _____

Signed: __R. Knox__

Ricky Knox, pro se,
The Plaintiff